UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAGINAW PROPERTIES, LLC,

    Plaintiff,

vs.

VALUE CITY DEPARTMENT STORES,
LLC, and RETAIL VENTURES,
INC.,

    Defendants.

Case No. 08-13782-BC

Hon. Thomas L. Ludington

---

Stuart H. Teger (P31674)
Andrew J. Lievense (P68925)
HONIGMAN MILLER SCHWARTZ
AND COHN LLP
Attorneys for Plaintiff
660 Woodward Avenue, Suite 2290
Detroit, Michigan 48226
(313) 465-7576

Michael G. Latiff (P51263)
Ziyad I. Hermiz (P72236)
BUTZEL LONG,
a professional corporation
Attorneys for Defendant Retail Ventures, Inc.
150 W. Jefferson Avenue, Suite 100
Detroit, Michigan 48226
(313) 225-7000

---

## DEFENDANT RETAIL VENTURES, INC'S (RVI) REPLY TO PLAINTIFF'S RESPONSE TO RVI'S MOTION FOR SUMMARY JUDGMENT

## INTRODUCTION

On November 21, 2008, Plaintiff filed a motion for summary judgment against Retail Ventures, Inc. ("RVI") in which it argued that RVI was liable as guarantor because it succeeded Value City Department Stores, Inc. ("VCDS Inc.") by merger and/or acquisition of assets substantially as an entirety. Plaintiff relied on the language of the guaranty and statements made in a Form 8K report filed by RVI with the Securities and Exchange Commission.

On January 27, 2009, this Court issued an order denying Plaintiff's motion without prejudice and allowed the parties to conduct discovery into whether RVI could be held liable under alternative theories of Michigan successor liability law apart from the express language of the guaranty. RVI brings attention to this prior ruling because Plaintiff's current arguments are essentially the same as its prior contention that RVI is liable as guarantor under the express language of the guaranty. In fact, Plaintiff relies on essentially the same evidence now that the Court has already reviewed in its prior ruling. Even if the Court were to review the evidence once more, it does not change the outcome that RVI is not a guarantor as defined by the language of the guaranty, nor is RVI a successor as defined under Michigan law. RVI never became the successor to VCDS, Inc., rather it became the parent entity of VCDS, Inc. – this distinction is dispositive under MI law and as a result, RVI is entitled to judgment as a matter of law.

## ARGUMENT

**A. RVI did not succeed VCDS Inc. in any form; therefore it is not a "guarantor" under the express language of the guaranty.**

Under the language of the guaranty, "guarantor" is defined as VCDS Inc. "together with its successor and assigns, including, without limitation, any entity *succeeding thereto by* merger, consolidation or acquisition of its assets substantially as an entirety." RVI is not ignoring the

1

language of the guarantee as suggested by Plaintiff, rather it is analyzing this language in its entirety under the applicable Michigan law. According to the guaranty, an entity would need to <u>succeed</u> VCDS Inc. by way of such transactions. No such succession occurred and therefore, regardless of whatever characterization Plaintiff attempts to ascribe to the reorganization, there can be no liability under the terms of the guaranty.

To accurately interpret the guaranty, it is necessary to review the definition of the words "succeed" or "succeeding" in order to determine whether RVI succeeded VCDS Inc. The question whether one corporation succeeds another is a legal determination. The guaranty is to be "construed in accordance with the laws of the State of Michigan;" thus the term succeed must be evaluated in terms of Michigan successor liability law. In *Aqua Group LLC v. Fed. Ins. Co.*, 620 F. Supp. 2d 816 (E.D. Mich. 2009), a recent case from the Eastern District of Michigan, the court reiterated the principle that case law can be used to explain legal terms in a contract. Moreover, the court stated:

> The Michigan Supreme Court has said that when a "legal phrase of art" [is] in a contract, it should "be interpreted in accord with common law understandings and case law explanations that those familiar with such terms of art are held to understand." *Henderson v. State Farm Fire & Casualty Co.*, 460 Mich. 348, 357 n.9, 596 N.W.2d 190 (1999). Citing *Henderson*, the Sixth Circuit has noted that "[t]he Michigan Supreme Court employees dictionary definitions to interpret nontechnical terms but uses specialized dictionaries and caselaw to interpret legal terms of art." *Minges Creek, LLC v. Royal Ins. Co*, 442 F. 3d 953, 956 (6th Cir. 2006). [*Aqua Group*, 620 F. Supp. 2d at 834].

Successor is a legal phrase or term of art. As RVI demonstrated in its response to Plaintiff's motion for summary judgment, RVI is not a "successor" to VCDS, Inc. based on well-

2

established Michigan law (Def.'s Resp. Br. 10-13). Consider the legal definition of "successor" as defined by Black's Law Dictionary:

> **successor.** **1.** A person who succeeds to the office, rights, responsibilities, or place of another; one who replaces or follows a predecessor. **2.** A corporation that, through amalgamation,[1] consolidation, or other assumption of interests, is vested with the rights and duties of an earlier corporation. [Black's Law Dictionary: "Successor" (8th ed. 2004)].

Based on this definition, it is clear that RVI could not be considered a successor to VCDS Inc. because RVI never replaced, assumed the interests, or was vested with the rights and duties of VCDS Inc. Moreover this definition includes a direct statement relating to an "earlier corporation" which is a reference to the necessity that the succeeded entity dissolve for there to be a successor entity, which is entirely consistent with Michigan law. In this instance, VDCS, Inc was not dissolved and continued to operate in the same manner as it had before the corporate reorganization. As such, RVI could not possibly be considered a successor of VCDS, Inc.[2] Rather, RVI became the parent company to VCDS Inc. as a result of the reorganization and both entities remained separate and distinct corporations. RVI did not succeed VCDS, Inc. and therefore by the express terms of the guaranty, RVI is not a guarantor.

### 1. The reorganization of VCDS, In. did not constitute either a merger or a acquisition of assets substantially as an entirety.

---

[1] Amalgamation is defined as "[t]he act of combining or uniting; consolidation <amalgamation of two small companies to form a new corporation>." Black's Law Dictionary: "Amalgamation" (8th ed. 2004).

[2] It is worth noting that "statutory successor" is defined as "[o]ne who succeeds to the assets of a corporation upon its dissolution; specif., the person to whom all corporate assets pass upon a corporation's dissolution according to the statute of the state of incorporation applicable at the time of the dissolution." Black's Law Dictionary: "Statutory Successor" (8th ed. 2004).

As this Court has already opined in its previous order, the reorganization was not a merger involving RVI. Despite Plaintiff's attempts to resurrect this argument (after admitting in previous filings that a merger involving RVI did not occur), it has offered the Court no new evidence or legal authority upon which the Court could rely to overturn its previous finding.

Similarly, the argument that the reorganization was an acquisition of assets substantially as an entirety is contrary to the facts, circumstances and Michigan Law.[3] Plaintiff has offered nothing to support the contention that RVI "acquired the assets" of VCDS, Inc. Rather, Plaintiff asks the Court to assume that the reorganization whereby RVI became a parent company is somehow an asset acquisition. This simply did not occur. Such a conclusion would turn Michigan law on its head and would overturn years of precedence and a most basic tenant of Michigan Law by holding parent entities responsible for the liabilities of their subsidiaries. (See, *Seasword v Hilti, Inc*, 449 Mich 542, 547, 537 NW2d 221, 224 (1995) (stating that absent some abuse of corporate form, parent and subsidiary corporations are separate and distinct entities)). Neither the language of the guaranty nor successor liability support this proposition proffered by the Plaintiff. Rather, in support of its erroneous assertion, Plaintiff repeats its misquote of an RVI Form 8K that, when read in its entirety, very clearly establishes that the assets and liabilities of RVI "*and its subsidiaries* ... are the same as the assets and liabilities of [VCDS, Inc.] *and its subsidiaries* immediately before the reorganization". VCDS, Inc. is a subsidiary referenced in this quote, for which RVI became the parent after the reorganization. As such, Plaintiff's claim that an asset acquisition occurred is not supported by the facts or the law.

---

[3] This argument is more fully addressed in Defendant, RVI's Response to Plaintiff's Renewed Motion for Summary Judgment, Docket entry # 21, filed on August 14, 2009, pg's 6-10.

4

**B. RVI is not a successor to VCDS, Inc. under Michigan Law**

Although Plaintiff states that RVI is the successor to VCDS Inc. apart from the guaranty, Plaintiff has offered no legal authority to support its theory that the elements of successor liability under Michigan law should be ignored, and that a newly created, unsupported alternative rule of law should apply. Plaintiff acknowledges that the 2003 reorganization of VCDS Inc., whereby RVI became the parent company to VCDS Inc., is actually referred to as a "triangular merger." It also acknowledges that other courts have specifically stated that successor liability does not arise out of these transactions. Yet, the Plaintiff attempts to distinguish these cases by stating that there is some kind of "incestuous relationship" between the entities. (Pl.'s Resp. Br. at 11-13). However, Plaintiff fails to realize that RVI, and VCDS Inc., have always been separate and distinct corporations. The fact that RVI was created by VCDS Inc. does not change this fact. Plaintiff does not offer any law or theory that would turn well settled precedent on it head and allow for a finding that a parent company (RVI) is legally responsible for the alleged breach executed by its former subsidiary companies.

In summary, RVI requests that this Court grant its Renewed Motion for Summary Judgment against Saginaw and dismiss all claims against RVI with prejudice as Plaintiff cannot establish that RVI is a guarantor or subject to successor liability with respect to VCDS Inc.

> BUTZEL LONG, a professional corporation
>
> By:   /s/Michael G. Latiff
>      Michael G. Latiff (P51263)
>      150 W. Jefferson, Suite 100
> Detroit, MI 48226
> (313) 225-7000
> latiff@butzel.com
> Attorneys for Plaintiff

Dated: September 2, 2009

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2009 I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

BUTZEL LONG, a professional corporation

By:  /s/Michael G. Latiff
Michael G. Latiff (P51263)
150 W. Jefferson, Suite 100
Detroit, MI 48226
(313) 225-7000
latiff@butzel.com
Attorneys for Plaintiff

Dated: September 2, 2009